## CIRCUIT COURT OF THE CITY OF ROANOKE

James C. Davis et al.

v.

Jimmy D. Cooper

May 19, 1980

By JUDGE JACK B. COULTER

This is a case of potential technical nightmare centering on the reliability of the address shown on a Proof of Service and the extent to which it might be used for future notices; the notice required at the time this litigation was in process before a default judgment could be granted and the address to which such notice must be sent; and the effect of the repeal of a statute prior to the repeal of its corresponding Rule of Court and what law controls during the interim.

The complainants, James C. Davis and Emaline Davis, by their attorney, Richard C. Pattisall, filed their Motion for Judgment against Jimmy D. Cooper on May 18, 1978, alleging that the defendant had defaulted in his contract to buy certain lots from the complainants and that as a consequence the complainants were damaged in the amount of $10,000. The address given on the Notice of Motion for Judgment was:

       Jimmy D. Cooper
       Route 7, Box 401
       Roanoke, Va. 24018

On the Proof of Service "% D. J. Cooper" was added to the address. Personal service was obtained on May 22,

1978, with no indication of where, in fact, the papers were actually served. They were actually handed to Jimmy Cooper at his grandfather's home several miles away at Route 7, Box 195, but this fact was not made known to the complainants or their attorney until after the default judgment was obtained.

No grounds of defense or any other response or appearance to the Motion for Judgment was filed or made by or on behalf of the defendant. Accordingly, on June 19, 1978, Mr. Pattisall forwarded by certified mail a copy of a notice to the defendant that on June 30, 1978, at 8:45 a.m., the complainants would move the Court to "set damages and award judgment against you in this matter." This notice was mailed to the defendant at the same address used on the Notice of Motion for Judgment and the Proof of Service, to-wit:

> %D. J. Cooper
> Route 7, Box 401
> Roanoke, Va. 24018

This mailing was an attempt by Mr. Pattisall to comply with Virginia Code Section 8.01-427.1, the substance of which was also included in Rule 3:17. This statute and rule provided in pertinent part that

> No such (default) judgment . . . shall be entered until after three days' notice in writing by the party seeking such default is given to the party against whom such default is sought . . . . (t)he written notice shall be by registered or certified mail to the last known address of the party <u>or the address where process was originally served</u>. (emphasis added)

On June 30, 1978, as scheduled, Judge Ballou considered the motion for default judgment, apparently noted that the certified notice by mail to the defendant had been returned undelivered, and ultimately entered the order of July 5, 1978, which provided, in part:

and the defendant, Jimmy D. Cooper, having been properly served and not appearing and having not answered or demurred, is ADJUDGED and ORDERED to be in default.

Damages in the amount of $7,150.00 were thereupon determined by the Court to be the amount suffered by the plaintiffs and judgment in that amount with interest thereon from June 30, 1978, until paid and the costs were to be "docketed forthwith and execution issued thereon."

Thereafter, on August 14, 1978, well beyond the twenty-day period that cases remain within the breast of the Court, the defendant, by his counsel, Stephen L. Willson, filed a motion pursuant to Section 8.01-428(A)(ii) to set aside the default judgment as being void because of the plaintiff's failure to comply with Rule 3:17.

The defendant contends that the plaintiffs did not comply with the requirements for giving notice to a defendant before obtaining a default judgment on the grounds that the notice was not mailed to the address where the defendant had actually been served, but only to the address set forth in the Notice of Motion for Judgment. This could generate a very technical issue: whether or not a plaintiff can rely on the return of personal service which, without explanation by the Sheriff, indicates that such service was obtained at the address indicated.

Fortunately, however, for the complainants, this issue was effectively removed by the General Assembly when Code Section 8.01-427.1, which required the three days' written notice to a defendant before a default judgment could be entered against him, had been repealed effective March 31, 1978. Having obtained personal service on the defendant in the first place, Mr. Pattisall was actually not required to give any notice at all, even though Rule 3:17, which tracked the requirements of Code Section 8.01-427.1, was still technically in effect until August 28, 1978. Where there is conflict between the Rules of Court and

general law, the general law prevails. As provided in Article VI, Section 5, of the Constitution of Virginia:

> The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, <u>but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly.</u> (emphasis added)

See also Code Section 8.01-3(D), which provided in 1978 as follows:

> The General Assembly may, from time to time, by the enactment of a general law, modify, or annul any rules adopted or amended pursuant to this section.

It should also be noted that from equitable considerations the defendant has really little to complain about. Members of his family had received the notice that Mr. Pattisall had tried to give him but had refused to accept the letter and had intentionally withheld it from him.

The defendant had been personally served with the Motion for Judgment. The notice attached to said motion clearly advised him:

> You are hereby notified that unless twenty-one (21) days after service of the Notice of Motion for Judgment on you response is made by filing in the Clerk's Office of the court a pleading in writing, in proper legal form, <u>judgment may be entered against you by default.</u> (emphasis added)

In addition, the defendant knew within twenty-one days of June 30, 1980, that default judgment had been entered against him. He still neglected to take any action. He could have sought equitable relief within

the twenty-one day period that a case remains within the breast of the court.

The defendant has simply slept on his rights. He is entitled to no relief, either equitably or legally. His motion, accordingly, is denied.